# IN THE SUPREME COURT OF THE STATE OF NEVADA

ROBERT LESLIE STOCKMEIER,
Appellant,
vs.
TRACEY D. GREEN, STATE HEALTH
OFFICER,
Respondent.

No. 73498

FILED

JUL 27 2018

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER OF REVERSAL AND REMAND

This is a pro se appeal from a district court order denying a motion to compel compliance with a writ of mandamus. First Judicial District Court, Carson City; James Todd Russell, Judge. Appellant Robert Leslie Stockmeier argues that the district court erred in determining that the Chief Medical Officer (CMO) had complied with the NRS 209.382(1)(b) reporting requirements relating to the nutritional adequacy of inmate diets. We agree and reverse.[1]

The district court issued a writ of mandamus directing respondent to comply with NRS 209.382(1)(b) and this court's decision in *Stockmeier v. Green*, 130 Nev. 1003, 340 P.3d 583 (2014). Stockmeier subsequently alleged that respondent's noncompliance with NRS 209.382(1)(b) persisted and moved to compel compliance. The district court found that respondent sufficiently examined and reported on the nutritional adequacy of the diet of the inmate population, while holding that the writ

---

[1]Pursuant to NRAP 34(f)(3), we have determined that oral argument is not warranted in this appeal.

compelling compliance remained in effect. Stockmeier appeals that determination.[2]

Stockmeier argues that the district court abused its discretion by concluding that the CMO complied with the writ when the CMO (1) did not report that the diet was unhealthful, (2) failed to consider inmate activity levels, (3) failed to sufficiently examine the diets, (4) failed to report with specificity, and (5) misrepresented the availability of different meal options. We review the district court's application of caselaw and its statutory interpretation de novo. *Las Vegas Metro. Police Dep't v. Blackjack Bonding, Inc.*, 131 Nev. 80, 85, 343 P.3d 608, 614 (2015). We previously held that the earlier CMO reporting was inadequate when it failed to demonstrate (a) that the CMO or staff actually examined the diets served to the inmate population; (b) that this examination relied on a dietician's review of the menus served, where the menus provided in the record were too vague to support any analysis of nutritional adequacy; (c) what standard was applied and to what materials in determining nutritional adequacy; (d) how nutritional adequacy was met beyond merely avoiding malnourishment; (e) what foods were being served; (f) whether facilities other than Lovelock Correctional Center were reviewed; and (g) how matters related to inmates' religious and medical dietary needs and their age, sex, and activity levels were accounted for. *Stockmeier*, 130 Nev. at 1008-10; 340 P.3d at 587-88.

---

[2]Stockmeier does not contest the portion of the district court's order denying as unnecessary pursuant to NRCP 25(d)(1) his request to substitute a new individual as a respondent after the occupant of that public office changed, as raised in his motions to amend the writ and to substitute a new party.

While we note that the CMO has remedied several of the deficiencies that we previously observed, we conclude that the CMO has failed to comply with NRS 209.382(1)(b) because the reporting fails to show that it applied the standards asserted as the basis for the determination of nutritional adequacy. The reports indicated that the certification was pursuant to the standards set forth in the Recommended Daily Allowances and Dietary Reference Intakes (RDA/DRI) established by the Food and Nutrition Board of the National Academy of Medicine, yet the record indicates nutritional information for the diets examined with levels of macronutrients such as fat and sodium that considerably exceed the RDA/DRI levels. When this court ordered the CMO to explain to what extent nutrient levels may exceed the standard and still be assessed as nutritionally adequate on the basis of that standard, the CMO responded that "[s]odium is a necessary nutrient; thus, higher levels of sodium do not render the diet inadequate or insufficient." If the standard applied has no upper bound to the level of permitted sodium, then the standard permits an unlimited quantity of sodium. The standard proffered does not deem adequate a diet with an unlimited quantity of sodium. *See* Food and Nutrition Bd., Inst. of Med., Nat'l Acad., *Dietary Reference Intakes (DRIs): Tolerable Upper Intake Levels,* http://nationalacademies.org/hmd/ ~/media/Files/Activity%20Files/Nutrition/DRI-Tables/4_%20UL%20Values _Vitamins%20and%20Elements.pdf.

It is plain that a nutritionally adequate diet is not simply one that has some quantity of necessary macronutrients, as many nutrients that are necessary in small quantities are dangerous in large quantities. We previously held that the CMO's reporting was deficient when it proffered a diet where the dietary standard could not be assessed. The CMO



again fails to show that a standard was followed, as the standard stated conflicts with the CMO's interpretation of nutritional adequacy. Further, we previously rejected the adequacy of the CMO's attempt to merely avoid malnourishment—the interpretation offered today repeats that vice, albeit in a slightly different guise. We reiterate that we do not set forth what standard NRS 209.382(1)(b) requires and that the Legislature granted the CMO considerable discretion in meeting its reporting requirements, but the CMO must actually apply whatever standard it purportedly relies upon in order to provide the guidance necessary for state entities to provide a nutritionally adequate diet. *See Stockmeier*, 130 Nev. at 1008, 1011 n.3, 340 P.3d at 586, 588 n.3. As the CMO failed to show that its reporting applied any standard in assessing nutritional adequacy, the CMO has failed to comply with NRS 209.382(1)(b)'s reporting requirements.[3] The district court therefore erred in denying Stockmeier's motion to compel compliance with the writ. Accordingly, we

ORDER the judgment of the district court REVERSED AND REMAND this matter to the district court for proceedings consistent with this order.

_____, J.
Cherry

_____, J.          _____, J.
Parraguirre                                           Stiglich

---

[3]We reject the CMO's implied contention that its reporting obligation need not concern the healthfulness of the diet. We previously held that NRS 209.382(1)(b)'s reporting requirement must be read in concert with NRS 209.381(1)'s requirement to provide a healthful diet. *Stockmeier*, 130 Nev. at 1011, 340 P.3d at 588.

cc: Hon. James Todd Russell, District Judge
Robert Leslie Stockmeier
Attorney General/Carson City
Attorney General/Las Vegas
Carson City Clerk